## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-24022-CIV-ALTONAGA/O'Sullivan

**U.S. COMMODITY FUTURES TRADING COMMISSION**,

       Plaintiff,

v.

**K.B. CONCEPTS GROUP, LLC, et al.**,

       Defendants.

_____/

## NOTICE OF JOINT LIABILITY

In accordance with the Court's March 9, 2017 Order (ECF No. 33), Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") respectfully submits this notice of joint liability regarding both Defendants in this action, K.B. Concepts Group LLC d/b/a Apex Asset Advisors LLC ("K.B. Concepts") and Kelvin Burgos ("Burgos") (collectively, "Defendants").

## I.       PROCEDURAL BACKGROUND

On September 20, 2016, the Commission filed its Complaint (ECF No. 1) against Defendants seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("CEA" or "Act"), 7 U.S.C. §§ 1 *et seq*. (2012).

On December 5, 2016, Defendants, then represented by counsel, filed their Answer and Affirmative Defenses to Plaintiff's Complaint ("Answer").  (ECF No. 24)  On February 17, 2017, Defendants' counsel moved to withdraw from the case.  (ECF No. 27)

By Order dated February 21, 2017, the Court: (i) granted counsel's motion to withdraw; (ii) directed K.B. Concepts to obtain counsel permitted to practice before the Court; and (iii) directed Burgos to advise the Court whether he would proceed *pro se*, or obtain replacement counsel. (ECF No. 28) Defendants were to comply with the Court's February 21, 2017 Order by March 3, 2017. Neither Defendant did so.

On March 6, 2017, the Court entered an Order directing that, by March 8, 2017, K.B. Concepts "shall obtain counsel permitted to practice before the Court and counsel shall file a notice of appearance" and that Burgos "shall file a notice advising whether he is proceeding *pro se* or is obtaining replacement counsel." (ECF No. 32) Per the Court's March 6, 2017 Order, Defendants failure to comply would result in the entry of an Order striking Defendants' Answer and directing Plaintiff to seek default judgment against Defendants. Defendants failed to comply with the Court's March 6, 2017 Order.

On March 9, 2017, the Court entered an Order striking Defendants' Answer and directing Plaintiff to file either a notice of joint liability or a motion for default final judgment. (ECF No. 33)

In anticipation of complying with the Court's March 9, 2017, and in light of the fact that Defendants' Answer has been struck and that Defendants have otherwise failed to defend this action, the Commission applied to the Clerk of the Court seeking entry of default against K.B. Concepts and Burgos. (ECF Nos. 35 and 36) On March 15, 2017, the Clerk entered defaults as to both Defendants. (ECF Nos. 37 and 38)

## II.     ALLEGATIONS OF THE COMPLAINT

The Complaint alleges that from at least September 2012 and continuing through at least February 2013 (the "Relevant Period"), K.B. Concepts, by and through the actions of its

employees and agents, including but not limited to, Burgos, offered to enter into, and conducted an office or business in the United States for the purpose of soliciting or accepting orders for the purchase or sale of precious metals from retail customers on a leveraged or financed basis.[1]  The Complaint further alleges that the financed transactions did not result in actual delivery of metals to customers.   Thus, according to the Complaint:  (i) these transactions constituted illegal, off-exchange retail commodity transactions; and (ii) K.B. Concepts acted as an unregistered Futures Commission Merchant ("FCM").  The Complaint alleges that, by this conduct, Defendants violated Sections 4(a) and 4d(a)(1) of the CEA, 7 U.S.C. §§ 6(a) and 6d(a)(1) (2012).

The Complaint also alleges that because Burgos controlled K.B. Concepts throughout the Relevant Period and failed to act in good faith or knowingly induced its alleged violations of the CEA, Burgos is therefore liable for its violations as a controlling person of K.B. Concepts pursuant to Section 9c(b) of the CEA, 7 U.S.C. § 13c(b).

Finally, the Complaint alleges that because the acts and omissions of Burgos and other employees and agents of K.B. Concepts were committed within the scope of their employment, agency, or office, K.B. Concepts is liable as a principal for the actions and omissions of Burgos and its other agents in violation of the CEA pursuant to Section 2(a)(1)(B) of the CEA, 7 U.S.C. § 2(a)(1)(B) and Commission Regulation 1.2, 17 C.F.R. § 1.2 (2016).

### III.   ENTITLEMENT TO JOINT AND SEVERAL LIABILITY

For the reasons discussed below, imposition of joint and several liability upon Defendants K.B. Concepts and Burgos is appropriate in this case because Burgos was both a controlling person and an agent of K.B Concepts.

---

[1]  The Complaint uses the short form "Apex" rather than "K.B. Concepts" to refer to K.B. Concepts Group, LLC d/b/a Apex Asset Advisors, LLC.

A.      **Burgos Was a Controlling Person of K.B. Concepts Pursuant to Section 13(b) of the CEA**

Under Section 13(b) of the CEA, 7 U.S.C. § 13c(b) (2012), "any person who, directly or indirectly, controls any person who has violated any provision of this chapter or any of the rules, regulations, or orders issued pursuant to this chapter may be held liable for such violation in any action brought by the Commission to the same extent as such controlled person.  In such action, the Commission has the burden of proving that the controlling person did not act in good faith or knowingly induced, directly or indirectly, the act or acts constituting the violation."

The controlling person liability provision of the Act is "'about power and imposing liability for those who fail to exercise it to prevent illegal conduct.'"  *CFTC v. Hunter Wise Commodities, LLC et al.*, 21 F. Supp. 3d 1317, 1350 (Middlebrooks, J) (quoting *CFTC v. R.J. Fitzgerald & Co., Inc.,* 310 F.3d 1321, 1334 (11th Cir. 2002) *cert. denied*, 543 U.S. 1024 (2004)).  As the Eleventh Circuit has explained:  The "fundamental purpose" of the statute is "to reach behind the corporate entity to the controlling individuals of the corporation and to impose liability for violations of the Act directly on such individuals as well as on the corporation itself." *R.J. Fitzgerald & Co.*, 310 F.3d at 1334 (quoting *JCC, Inc. v. CFTC*, 63 F.3d 1557, 1567 (11th Cir. 1995)).

To establish controlling person liability, the Commission must show both (1) control; and (2) lack of good faith or knowing inducement of the acts constituting the violation.  *See Hunter Wise Commodities*, 21 F. Supp. 3d at 1350 (citing *In re First Nat'l Trading Corp.*, [1992-1994 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 26,142 at 41,787 (CFTC Jul. 20, 1994), *aff'd without opinion sub nom. Pick v. CFTC,* 99 F.3d 1139 (6th Cir. 1996)).  To establish control, the Commission "must show that the individual possessed general control of the operation of the entity principally liable." *Id.* (citing *CFTC v. R.J. Fitzgerald & Co.* 310 F.3d at 1334).  Control

may be found "where evidence demonstrates that the individual is an officer, founder, principal, or the authorized signatory on the company's bank accounts." *Id.* (citing *In re Spiegel*, [1987-1990 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 24,103 at 34,767 (CFTC Jan. 12, 1988)). To demonstrate lack of good faith, the Commission must show that the individual "failed to maintain 'a reasonably adequate system of internal supervision and control' or did not oversee the system 'with any reasonable diligence.'" *Id.* (quoting *Monieson v. CFTC*, 996 F.2d 852, 860 (7th Cir. 1993)). To establish knowing inducement of the violative acts, the Commission must show that "'the controlling person had actual or constructive knowledge of the core activities that constitute the violations at issue and allowed them to continue.'" *Id.* (quoting *JCC, Inc.*, 63 F.3d at 1568). Taken as true, the well-pleaded allegations of the Complaint establish that Burgos was a controlling person of K.B. Concepts. *See Abercrombie & Fitch Trading Co. v. Abercrombieclassic.com*, No. 15-62579-CIV, 2016 WL 3369529, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Cancienne v. Drain Master of South Florida, Inc.*, No. 08-61123-CIV, 2008 WL 5111264, at *1 (S.D. Fla. Dec. 3, 2008) (Zloch, J.)) ("entry of default constitutes an admission by Defendants of the well-pleaded allegations in the Complaint").

Where controlling person liability is established, imposition of joint and several liability is appropriate. *See Hunter Wise Commodities*, 21 F. Supp. 3d at 1350-1353 (finding two managers of Hunter Wise Commodities liable as controlling persons and imposing joint and several liability for restitution, disgorgement and a civil monetary penalty on both of them along with the corporate defendant, Hunter Wise Commodities, LLC).

**B.     K.B. Concepts Is Liable for the Violations of Burgos Pursuant to Section 2(a)(1)(B) of the CEA**

Taken as true, the well-pleaded allegations of the Complaint establish that K.B. Concepts is liable for the violations of its agents, including Burgos. *See Abercrombie & Fitch Trading*

*Co.*, 2016 WL 3369529, at *3 ("entry of default constitutes an admission by Defendants of the well-pleaded allegations in the Complaint").  Under Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2012) "[t]he act, omission, or failure of any official, agent, or other person acting for any individual, association, partnership, corporation,  or trust within the scope of his employment or office shall be deemed the act, omission, or failure of such individual, association, partnership, corporation, or trust, as well as of such official, agent, or other person."  This provision, along with Commission Regulation 1.2, 17 C.F.R. § 1.2 (2016), imposes strict liability upon principals for the actions of their agents acting within the scope of their employment.  *See Clayton Brokerage v. CFTC*, 794 F.2d 573, 581 (11th Cir. 1986) (Section 2(a)(1)(B) provides respondeat superior and general principal-agent standards for imposing liability on employers and principals for the acts of their employees or agents); *CFTC v. Gutterman*, 2012 WL 2413082, at *7 (S.D. Fla. Jun. 26, 2012) (Cooke, J.) (Section 2(a)(1)(b) and Regulation 1.2 impose strict liability upon principals for the acts of their agents).

Where principal-agent liability is established, imposition of joint and several liability is appropriate.  *See Gutterman*, 2012 WL 2413082, at *9-11 (default judgment entered finding individual and corporate defendants jointly and severally liable for restitution and a civil monetary penalty where principal-agent liability under Section 2(a)(1)(b) applies.

## IV.     STATUS OF DEFENDANTS' LIABILITY

The Clerk of this Court has entered defaults against both Defendants in this case.  (ECF Nos. 37 and 38).  In light of the foregoing, Plaintiff submits that:  (i) both Defendants' liability will be resolved based on the well-pled allegations of its Complaint when the Court rules on Plaintiff's anticipated motion for default final judgment; and (ii) there is no possibility of inconsistent liability between Defendants.

Dated:  March 30, 2017                              Respectfully submitted,

/s/ James A. Garcia
James A. Garcia / jgarcia@cftc.gov
FL Special Bar #A5502221
Michael Solinsky / msolinsky@cftc.gov
FL Special Bar #A5501936
U.S. Commodity Futures
Trading Commission
1155 21st Street, NW
Washington, DC 20581
Telephone: (202) 418-5362 (Garcia)
Telephone: (202) 418-5384 (Solinsky)
Facsimile: (202) 418-5937

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2017, a true and correct copy of the foregoing Notice of Joint Liability was served on the following via UPS Express Delivery and electronic mail:

Kelvin Burgos
*kelvin.vesta@gmail.com*
1349 NW 192 Terrace
Pembroke Pines, FL 33029
Proceeding *pro se*
and Registered Agent for
K.B. Concepts Group, LLC d/b/a Apex Asset Advisors, LLC
 Defendants

      /s/ James A. Garcia
      James A. Garcia